# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**ACNR Resources, Inc.,**
**Employer Below, Petitioner**

**v.)**     **No. 26-180**   (JCN: 2024030152)
                            (ICA No. 25-ICA-270)

**Joseph Asturi,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner ACNR Resources, Inc. appeals the February 3, 2026, decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See ACNR Resources, Inc. v. Asturi*, No. 25-ICA-270, 2026 WL 798118 (W. Va. Ct. App. Feb. 3, 2026) (memorandum decision). Respondent Joseph Asturi filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the June 4, 2025, decision of the West Virginia Workers' Compensation Board of Review. The Board of Review accepted the claim[2] for a left medial meniscus tear and granted temporary total disability benefits from October 23, 2024, through January 8, 2025, and thereafter as substantiated by proper evidence.[3] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's decision is appropriate. *See* W. Va. R. App. P. 21.

The employer asserts that the ICA and the Board of Review were clearly wrong in finding the claimant's report that he suffered a new left knee injury to be credible because he did not report a new injury to his healthcare providers for over a month after the injury allegedly occurred.[4] The

---

[1] The employer appears by counsel Aimee M. Stern, and the claimant appears by counsel J. Thomas Greene Jr. and T. Colin Greene.

[2] The claim administrator had rejected the claim in an October 30, 2024, order.

[3] The claimant, an electrician and a mechanic at one of the employer's coal mines, testified that he was released to return to work on January 8, 2025, but took "some sick days" and resumed working "the following Monday."

[4] In *Asturi*, the ICA affirmed the Board of Review's decision, "defer[ring] to the Board's credibility determinations." 2026 WL 798118, at *4 (citing *Martin v. Randolph Cnty. Bd. of Educ.*, 195 W. Va. 297, 306, 465 S.E.2d 399, 408 (1995)).

employer further argues that the ICA and the Board of Review also clearly erred in finding that the MRI reading by Jeffrey Abbot, D.O.—that of an acute left medial meniscus tear—was more persuasive than the radiologist's reading of a degenerative left medial meniscus tear. Finally, the employer argues that the ICA and the Board of Review clearly erred in finding that the claimant sustained a discrete new injury as his deposition testimony showed that his left knee remained symptomatic since his 2018 injury. Therefore, the employer argues that this Court should reverse the ICA and the Board of Review and reinstate the claim administrator's order rejecting the claim.

The claimant counters by arguing that the Board of Review did not clearly err in accepting the claim for a left medial meniscus tear and granting temporary total disability benefits from October 23, 2024, through January 8, 2025, and thereafter as substantiated by proper evidence. The claimant argues that he sustained an injury to his left knee in the course of and resulting from his employment in July 2024, when his left leg went into a hole in the mine floor, which caused his left knee to twist, resulting in a torn left medial meniscus. The claimant further argues that the Board of Review did not err in finding that while the claimant suffered a previous left knee injury in 2018, he received no treatment from 2019 until August 2024 when he saw Dr. Abbot for the July 2024 injury. Therefore, the claimant argues that the Board of Review did not clearly err in reversing the claim administrator's order rejecting the claim.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. *See* Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: July 30, 2026**

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick
Justice James W. Flanigan

2